UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**ORIGINAL**

------------------------------------------------------------------------ x

HARRY THORPE,

                        Plaintiff,

                -against-

THE CITY OF NEW YORK, POLICE OFFICER VLAD
GREEN, tax # 941027, POLICE OFFICERS JOHN DOES
1-3,

                        Defendants.

------------------------------------------------------------------------ x

**COMPLAINT**

0 1354

Jury Trial Demanded   MAR 2 5 2010

GARAUFIS, J. BROOKLYN OFFICE

GOLD, M.J.

## PRELIMINARY STATEMENT

1.      This is a civil rights action alleging that the City of New York and four

New York City Police Officers of the 70th Precinct violated plaintiff's rights under 42 U.S.C. §

1983 and the Fourth and Sixth Amendments to the United States Constitution.  Specifically,

plaintiff alleges that, on November 8, 2009, defendants falsely arrested him, used unreasonable

force on him, and made false allegations about him to prosecutors.  Plaintiff seeks compensatory

and punitive damages, attorney's fees and costs, and such other and further relief as the court

deems just and proper.

## JURISDICTION & VENUE

2.      This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and

Sixth Amendments to the United States Constitution.  Jurisdiction is conferred upon this Court

by 28 U.S.C. §§ 1331 and 1343.

3.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C.

§ 1391(b) and (c).

## PARTIES

4.     Plaintiff is a resident of the State of New York who resides in Brooklyn.

5.     The City of New York is a municipal corporation organized under the

laws of the State of New York.

6.     Police Officers Vlad Green and John Does 1-3 are members of the New

York City Police Department.  Defendants were acting under color of state law and in their

capacities as NYPD officers at all relevant times.  Defendants are liable for directly participating

in the unlawful acts described herein and for failing to intervene to protect plaintiff from

unconstitutional conduct.  The defendants are sued in their individual capacities.

## STATEMENT OF FACTS

7.     On November 8, 2009, in the early evening plaintiff, who is disabled as a

result of a car accident and takes pain medication, was walking in the East Flatbush section of

Brooklyn with his friend Marvin Williams.

8.     Plaintiff and Williams were walking to plaintiff's brother's residence.

9.     At all relevant times, plaintiff was obeying the law and was not acting in a

suspicious manner.

10.     When plaintiff and Williams reached the corner of 23rd Street and

Newkirk Avenue, two male white or Latino police officers in uniform, identified herein as John

Does # 1 and 2, seized plaintiff and Williams without legal justification.

11.     Officer John Doe # 1, the heavier of the two officers, grabbed plaintiff and

slammed him into a wall for no reason other than to hurt him.

12.     John Doe # 1 then searched plaintiff and did not find anything illegal on

him.

2

13.    Plaintiff told John Doe #1 that he had a half of an ibuprofen pill on him which he planned to take for pain.

14.    Ibuprofen is not a controlled substance.

15.    Plaintiff offered to prove to John Doe # 1 that he had a prescription for the medication which he took regularly for pain.

16.    John Doe # 1 ignored plaintiff.

17.    Thereafter, the officers handcuffed plaintiff and Williams and placed them in the rear of a van.

18.    Plaintiff told the officers that he was unable to sit in a handcuffed position because of his disability.

19.    The officers ignored plaintiff and unnecessarily left him in the van for approximately one hour where plaintiff experienced significant pain.

20.    Unidentified officers took plaintiff and Williams to the 70th Precinct.

21.    Officer Vlad Green was assigned to be plaintiff's "arresting officer."

22.    While plaintiff was incarcerated in the precinct, Officer Green, pursuant to a conspiracy with other officers involved in plaintiff's arrest, prepared police reports which falsely stated that plaintiff was found in possession of a controlled substance.

23.    While plaintiff was sitting on a chair in the precinct being interviewed, he had his legs out in attempt to alleviate his pain.

24.    While plaintiff was sitting, a tall white officer in plainclothes, identified herein as John Doe # 3, kicked plaintiff off the chair causing plaintiff to land on his back and his cuffed hands.

25.    John Doe # 3 caused plaintiff intense pain and injury.

3

13.     Plaintiff told John Doe #1 that he had a half of an ibuprofen pill on him which he planned to take for pain.

14.     Ibuprofen is not a controlled substance.

15.     Plaintiff offered to prove to John Doe # 1 that he had a prescription for the medication which he took regularly for pain.

16.     John Doe # 1 ignored plaintiff.

17.     Thereafter, the officers handcuffed plaintiff and Williams and placed them in the rear of a van.

18.     Plaintiff told the officers that he was unable to sit in a handcuffed position because of his disability.

19.     The officers ignored plaintiff and unnecessarily left him in the van for approximately one hour where plaintiff experienced significant pain.

20.     Unidentified officers took plaintiff and Williams to the 70th Precinct.

21.     Officer Vlad Green was assigned to be plaintiff's "arresting officer."

22.     While plaintiff was incarcerated in the precinct, Officer Green, pursuant to a conspiracy with the other officers involved in plaintiff's arrest, prepared police reports which falsely stated that plaintiff was found in possession of a controlled substance.

23.     While plaintiff was sitting on a chair in the precinct being interviewed, he had his legs out in attempt to alleviate his pain.

24.     While plaintiff was sitting, a tall white officer in plainclothes, identified herein as John Doe # 3, kicked plaintiff off the chair causing plaintiff to land on his back and his cuffed hands.

25.     John Doe # 3 caused plaintiff intense pain and injury.

3

26. Sometime after midnight in the early morning hours, Officer Green released plaintiff with a Desk Appearance Ticket directing him to appear in criminal court on December 15, 2009.

27. After plaintiff was released, Officer Green, pursuant to a conspiracy with the other officers involved in plaintiff's arrest, misrepresented to the Kings County District Attorney's Office that plaintiff was found in possession of a controlled substance.

28. Plaintiff appeared in court on December 15 but the case had not been docketed because the District Attorney's Office declined prosecution.

29. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was incarcerated for several hours, was deprived of his liberty, and suffered emotional distress, mental anguish, fear, anxiety, embarrassment, and humiliation. Further, plaintiff experienced significant pain and injury from defendants' use of unreasonable force.

## FIRST CLAIM

### (FALSE ARREST)

30. Plaintiff repeats the foregoing allegations.

31. Plaintiff did not commit a crime on April 8, 2009 and no officer observed plaintiff commit any act which gave rise to probable cause.

32. Accordingly, defendants are liable to plaintiff under the Fourth Amendment for false arrest.

## SECOND CLAIM

### (UNREASONABLE FORCE)

33. Plaintiff repeats the foregoing allegations.

4

34. Defendants' use of force on plaintiff was objectively unreasonable and caused plaintiff pain and injury.

35. Accordingly, defendants are liable to plaintiff under the Fourth Amendment for using unreasonable force.

## THIRD CLAIM

### (FABRICATION OF EVIDENCE)

36. Plaintiff repeats the foregoing allegations.

37. Defendants, pursuant to a conspiracy, falsely stated to the Kings County District Attorney's Office that plaintiff had committed a narcotics offense.

38. Accordingly, defendants are liable to plaintiff under the Sixth Amendment for fabrication of evidence and denying him a fair trial.

## FOURTH CLAIM

### (MONELL CLAIM)

39. Plaintiff repeats the foregoing allegations.

40. The City of New York, through a policy, practice and custom, directly caused the constitutional violations suffered by plaintiff.

41. Upon information and belief, the City of New York, at all relevant times, was aware that the defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

42. In fact, Officer Green has been sued at least once in federal court for civil rights violations. *See O'Neill Russell v. City of New York, et al.*, 09 CV 2759 (EDNY).

43. Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline,

5

and monitor the defendants and improperly retained and utilized them. Moreover, upon information and belief, the City of New York failed to adequately investigate prior complaints filed against the defendants.

44.     In addition, the following are City policies, practices and customs:

(a) arresting innocent individuals, primarily minorities, on the pretext that they trespassed, possessed or sold drugs, or possessed weapons, in order to meet productivity goals;

(b) fabricating evidence against individuals;

(c) using excessive force on individuals;

(d) unlawfully strip searching pre-arraignment detainees;

(e) retaliating against individuals who engage in free speech.

(f) conducting unreasonably destructive searches of people's homes.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

a.      Compensatory damages in an amount to be determined by a jury;

b.      Punitive damages in an amount to be determined by a jury;

c.      Attorney's fees and costs;

d.      Such other and further relief as the Court may deem just and proper.

DATED:       March 25, 2010

RICHARD J. CARDINALE
Attorney at Law
26 Court Street, Suite 1815
Brooklyn, New York 11242
(718) 624-9391

6